WILLIAM H. ANGELO, Sr. *et al.*

*v.*

CHARLOTTE ALDRIDGE.

*Filed at Springfield November 10, 1896—Rehearing denied January 15, 1897.*

1. PLEADING—*when amendment is within leave granted by remanding order.* Leave to amend a bill for an accounting of rents and profits and the removal of a cloud on title, granted by the Supreme Court upon remanding the cause, authorizes the addition of a prayer for partition, when the averments as to title remain unchanged.

2. SAME—*partition—facts relied on as establishing right to homestead must be averred.* To entitle a defendant in a partition suit to an allowance of homestead in the premises in controversy, the facts relied upon as establishing his homestead right must be averred in his answer.

3. RES JUDICATA—*a valid unreversed decree binds the parties and the court.* A decree for rents and profits of premises, rendered upon personal service, is binding upon the parties in a subsequent suit for partition of the same premises, and when properly pleaded the court should allow the amount due thereunder in entering the partition decree.

APPEAL from the Circuit Court of Morgan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

WILLIAM A. CRAWLEY, for appellants.

MORRISON & WORTHINGTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A decree in favor of appellee was reversed by this court, and the cause was remanded to the circuit court with leave to the parties to amend their pleadings. (See *Angelo* v. *Angelo,* 146 Ill. 629.) The cause having been re-instated in the circuit court, appellee filed an amended bill, making the same averments concerning title as before, and asking for a partition of the life estate of which she and her former husband, William H. Angelo, Sr., one of the appellants, were tenants in common. An accounting of rents and profits was also asked for, and it was

alleged that she had filed a bill and obtained a decree against said William H. Angelo, Sr., June 25, 1890, for $846.48 as her share of said rents and profits, and that he had continued to occupy the premises after the entry of said decree, and was liable to her for one-half of the rents and profits after such decree in addition to the amount of the decree. The amended bill also charged that the tax title of the appellant Mary Stewart was invalid, and prayed to have it declared null and void on equitable terms.

The bill was answered and the cause was heard on proofs taken before the master. The court decreed a partition according to the prayer of the amended bill, and allowed to complainant the amount of her former recovery by the decree of June 25, 1890, for her share of rents and profits, which was a lien on the interest of her cotenant, but made no further allowance for rents or profits. The tax title was ordered set aside upon payment of $194.07 to the defendant Mary Stewart, and the decree in that respect is conceded to be right. The commissioners having reported that the premises were not susceptible of division, and having valued the life estate at $1000, a decree for sale was entered, and the master was ordered to pay out of the proceeds, first, the costs; second, the amount due the defendant Mary Stewart for her tax title; third, to complainant one-half the balance and out of the other half the amount of said decree and interest, and if anything should remain, to pay it to defendant William H. Angelo, Sr.

It is first contended that the leave given to amend pleadings, in the order of this court remanding the cause, did not authorize the addition, by way of amendment, to the bill of a prayer for partition. The original bill set out the titles of the parties, and prayed for an accounting and the removal of the cloud upon the title. The addition of the prayer for partition upon the same facts alleged as to title was clearly within the leave granted.

It is further contended that the defendant William H. Angelo, Sr., was not bound to account to the complainant, as his co-tenant, for rents and profits. The court allowed only the amount of the decree of June 25, 1890, and seems to have agreed with the contention by denying the claim for rents since that time. That decree was entered by a court of competent jurisdiction upon personal service and appearance in a contested suit between the parties, and was binding upon them and the court in this suit. It was properly pleaded, and there was no ground on which it could be disallowed. With its correctness neither that court nor this has anything to do, but must enforce it as made.

An objection is made because the court, in this decree, did not allow to William H. Angelo, Sr., a homestead. If he claimed a homestead it was necessary for him to aver in his answer such facts as would show his right to it. This he did not do, and the averments do not raise the question whether he could assert a right of homestead in the common property against his former wife and co-tenant, but are inconsistent with such a claim. Moreover, the evidence did not prove the facts necessary to the existence of a homestead in other cases.

It is also objected that the court failed to allow William H. Angelo, Sr., for improvements, taxes and repairs. This claim is answered by the former decree up to the date of its entry. The amount of that decree was found due after deducting all claims of that character. Since that decree the taxes were paid by Mary Stewart and were allowed to her, and there is no evidence of any improvements or repairs by him since that time.

Whatever of hardship there may be in the case the court is powerless to relieve against. The former decree has never been set aside or annulled, and its binding force cannot be questioned.

The decree will be affirmed. 　　　　　*Decree affirmed.*