RANDALL LOVELESS, Plaintiff-Appellant, *v.* MARY LOVELESS, Defendant-Appellee.

(No. 11534;

Fourth District—February 17, 1972.

Phelps & Russell, of Carlinville, (Carl E. Kasten, of counsel,) for appellant.

Thomas, Mottaz & Eastman, of Alton, (Steven N. Mottaz, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On February 6, 1969, a decree was entered in the Circuit Court of Macoupin County, awarding a divorce to plaintiff-appellant Randall L. Loveless. He was awarded custody of the children and directed to pay to his divorced spouse, defendant-appellee Mary L. Loveless, the sum of ninety thousand dollars ($90,000) as alimony in gross. The details of the decree as it pertained to the alimony were as follows:

The plaintiff shall pay the ninety thousand dollars ($90,000.00) to

the clerk of this court for the benefit of the defendant, in the following manner: $30,000.00 to be paid on February 28, 1969, and $6,000.00 on the 28th day of February of each year beginning on February 28, 1970, with the last $6,000.00 payment due on April 28, 1979.

On February 19, 1969, defendant filed a notice of appeal.

On February 28, 1969, the plaintiff came into open Court and tendered a check in the amount of thirty thousand dollars ($30,000) payable to the clerk of the court pursuant to the terms of the divorce decree.

On February 28, 1969, the judge, by docket entry, directed the clerk to file the check and retain the check as "* * * part of the file until further order of this Court.", and directed the clerk to forward a copy of the court's order to counsel for plaintiff and defendant.

Defendant's appeal was prosecuted to this Court where she urged that there was insufficient evidence to support the decree for divorce, that she should have been awarded custody of the minor children, that the award of alimony was insufficient, and that she was entitled to a one-half interest of a certain farm. We affirmed the decree of the trial court in *Loveless v. Loveless*, 128 Ill.App.2d 297, 261 N.E.2d 732.

On October 29, 1970, our mandate was filed in the trial court.

On December 23, 1970, the defendant filed a petition for rule to show cause, in the trial court, alleging that plaintiff had violated the court's decree in that he had failed to make any of the payments called for in the decree, and alleging that plaintiff owed interest at the rate of six per cent (6%) on the sum of thirty thousand dollars ($30,000) from February 6, 1969, and on six thousand dollars ($6,000) from February 28, 1970, according to the provision of section 3 of Chapter 74 of the Illinois Revised Statutes, 1969.

On January 5, 1971, plaintiff filed a cross-petition to modify decree to conform to intentions of the parties and the Court.

The cross-petition set up that at the time of rendering the original decree it was expressly understood by counsel, the parties, and the court, that the original schedule of payments (excerpted above from the original decree (would allow plaintiff tax benefits under the Internal Revenue Code (26 U.S.C.A. Secs. 71 and 215) in that the payments were allocated over a period ending more than ten years from the date of the decree as required by the code, and that since plaintiff refused to withdraw the thirty thousand dollars ($30,000) payment tendered in the year 1969, it made it impossible for plaintiff to obtain the tax relief intended and embodied in the decree of February 6, 1969, because the payments now would be compressed into nine years instead of ten years, and prayed that the court would modify the decree so as to afford

the plaintiff the tax relief available under the decree as originally entered.

On February 10, 1971, the court made a docket entry which reads, in part:

"The Court finds that $30,000.00 under the original decree is due and payable now with interest at the rate of six per cent from February 28, 1969, to August 1, 1970; and that $6,000.00 under original decree is due and payable now with interest from February 28, 1970, to date, and that said payments with interest are so ordered. Original decree amended to provide for balance of $54,000.00 to be paid in ten equal annual installments beginning February 28, 1972. See written order to follow."

On March 2, 1971, plaintiff filed notice of appeal from the docket entry order dated February 10, 1971, and on March 1, 1971, the appeal bond was filed and approved by the Court.

On March 22, 1971, the defendant filed a petition for attorney's fees on appeal.

On April 16, 1971, the court entered a written order, it being the order referred to in his docket entry of February 10, 1971. This order directed plaintiff to pay interest on the $30,000 installment at six per cent from February 28, 1969, to August 1, 1970, and assessed interest on the $6,000 installment which was due under the terms of the original decree on February 28, 1970, from its due date until paid.

The court in the same order, changed the schedule of payments, as set up in the original decree. The new schedule of payments as provided in the April 16, 1971, Order is as follows:

"Thirty-six Thousand Dollars ($36,000.00) to be paid on or before February 28, 1971, and Five Thousand Four Hundred Dollars ($5,400.00) on the 28th day of February, of each year, beginning on February 28, 1972, with the last Fifty-four Hundred Dollars ($5,400.00) payment being due on February 28, 1981."

It is also noted that the schedule of payments fixed in the April 16, 1971, Order is different from the schedule which the Court had indicated it would adopt in the docket entry of February 10, 1971, in the following particular: The docket entry provided that the $36,000 "* * * is due and payable now * * *", whereas the written order of April 16th directs the $36,000 to be paid on or before February 28, 1971.

Also, on April 16, 1971, the judge by docket entry, and after hearing evidence on the question allowed defendant's petition for attorney's fees on appeal and directed the plaintiff to pay $1,000 on defendant's attorney's fees on appeal within thirty days.

On April 19, 1971, plaintiff filed a petition to vacate the court's written order of April 16, 1971, urging that the notice of appeal filed March

2, 1971, had divested the court of jurisdiction and that it therefore had no authority to enter the written order of April 16, 1971.

On April 27, 1971, by docket entry, the judge denied the petition to vacate the written order.

On May 17, 1971, this court granted plaintiff's motion to file an amended notice of appeal and the amended notice of appeal was filed in the trial court on May 18, 1971.

Plaintiff urges here that the judge had no authority to enter the written order of April 16, 1971, because the trial court had been divested of jurisdiction by the intervening notice of appeal filed March 2, 1971.

■■ The flaw in this reasoning is to be found in Supreme Court Rule 272 which provides, if at the time of announcing final judgment, the judge requires the submission of a form of written judgment to be signed by him, the judgment becomes final only when the signed judgment is filed. As above noted, the docket entry of February 10, 1971, specifically recited "See written order to follow." Therefore, when plaintiff filed his notice of appeal on March 2, 1971, there was no appealable order and the court was not divested of jurisdiction to enter the written order of April 16, 1971.

■■ Plaintiff also urges that the court was in error in awarding interest on the $30,000 installment since he tendered a check in that sum as provided by the Statute, (ch. 74, par. 3, I.R.S. 1969,) and deposited the same, pursuant to order of the court, with the clerk of the court on its due date, February 28, 1969. Defendant argues that the tender of a check is not tender of payment in money, or that which by law passes for money in the payment of debts and that the award of interest was proper. The defendant did not object to the form of tender in the trial court at the time the tender was made, nor at any time thereafter until the case arrived in this court, and she has therefore waived any defect in the form of the tender. *Gravelot v. Skender*, 9 Ill.2d 15, 135 N.E.2d 756; *Thompson v. Crains*, 294 Ill. 270, 128 N.E. 508.

The defendant also urges that the tender was not good because it was not made in good faith and that the plaintiff "* * * did admit in the trial court that the check was not covered by funds." We find no support, in the record before us, for this assertion. During the hearing on the petition for the award of attorney's fees, plaintiff testified that he had the entire sum of $90,000 awarded to the defendant in his possession and ready for payment at any time pursuant to the Court's order. The award of interest on the $30,000 was error.

In his brief and argument the plaintiff does not argue that the award of interest on the first due $6,000 installment was improper, and it clearly was not inasmuch as no tender of that sum was ever made, and

the trial court was correct in its assessment of interest on the $6,000 installment which was due February 28, 1970.

■■■ Plaintiff also contends that the trial court's determination that defendant should be awarded $1,000 in attorney's fees on appeal was an abuse of its discretion, and was further improper because there was no finding that the fees were reasonable. The latter contention is disposed of by the holding in *Canady v. Canady*, 30 Ill.2d 440, 446, 197 N.E.2d 42. The allowance of attorney's fees in a divorce proceeding rests in the sound discretion of the trial court, and unless such discretion is clearly abused, its exercise will not be interfered with. (*Canady v. Canady*, 30 Ill.2d 440, 446, 197 N.E.2d 42; *Ylonen v. Ylonen*, 2 Ill.2d 111, 121, 117 N.E.2d, 98.) Prior to the allowance of attorney's fees the trial court conducted an evidentiary hearing, and it appeared that the defendant was employed at a hospital as a registered nurse; that her take home pay was approximately $100.00 a week; that she owned an automobile on which she owed approximately $2000.00; that she was paying $50.00 a month rent; that she still owed attorney fees in the sum of $4,000.00, and that she had no other source of income. Her 1969 income tax return showed an adjusted gross income of $6,796.64; her 1968 income tax return showed an adjusted gross income of $2,490.14; and her 1970 income tax return showed an adjusted gross income of $6,257.86. The plaintiff testified that his net worth was in the area of $750,000.00. We see no abuse of discretion in awarding the fee.

The plaintiff points out that the appeals have thrown the payment schedule out of joint so that the tax consequences established by the original decree have been altered. The delays occasioned by those appeals, which precipitate the tax problems complained of in the trial court and here, and which the judge was obviously endeavoring to rectify in response to plaintiff's cross-petition, are attributable both to plaintiff and defendant. Each has now prosecuted one appeal to this court.

At the time of the entry of the original decree it is apparent that neither the parties nor the court considered what might occur, so far as tax consequences are concerned, in the event of an appeal or multiple appeals.

■■■ On April 16, 1971, the decree of the trial court, which included the original schedule of payments, stood in full force and effect, and under the provisions of that decree three payments had accrued, to-wit: the $30,000 payment due February 28, 1969; the $6,000 installment due February 28, 1970; and the $6,000 installment due February 28, 1971; and neither the trial court nor this court has any authority to alter the payment schedule as to those accrued payments. (*Gregory v. Gregory*,

52 Ill.App.2d 262, 267, 202 N.E.2d, 139, and see cases cited in that opinion.) Past due installments of alimony are a vested right and the court has no authority to modify them in any particular, either as to amount or time of payment. *Shuff v. Fulte,* 344 Ill.App. 157, 100 N.E.2d 502.

Plaintiff urges the schedule of payments set forth in the docket entry of February 10, 1971, provided for payments to be made in excess of a ten year period in that they would have run from February 10, 1971, to February 28, 1981, a period of ten years and fourteen days. He also argues that the written order providing for payments beginning February 28, 1971 (rather than February 10, 1971), and extending to February 28, 1981, is for a period of ten years rather than a period in excess of ten years, and thus precludes the tax benefits clearly intended and provided for in the original decree.

Defendant responds that the period February 28, 1971, to February 28, 1981, is a period of ten years and one day, but does not state how he arrives at that conclusion.

Defendant also asserts that this court should vacate the April 16th order and return the parties to the provisions of the original decree, and urges that the tax consequences available to the parties thereunder would remain as they were at the time of the entry of the decree on February 6, 1969. Plaintiff cites Tax Court Memorandum 1965-219, *Gordon M. and Zella A. Eno v. Commissioner,* in which the Tax Court held that on appeal from a divorce decree the ten year period mentioned in secion 71, began to run, not on the date of the original decree but on the date of the judgment entered in the Court of Review.

■■ We agree that the intention of the trial court, reflected in the original decree, the docket entry of February 10th and the written order of April 16th, to make the payments in question fall within the provision of the Code should be implemented; accordingly, the order entered April 16, 1971, is vacated so far as it established the schedule of alimony payments and the original decree of the trial court entered February 6, 1969, is modified as follows:

That portion of Paragraph B of the decretal portion of the decree entered February 6, 1969, which reads:

"The plaintiff shall pay the Ninety Thousand Dollars ($90,000.00) to the Clerk of this Court for the benefit of the defendant, in the following manner: $30,000 to be paid on February 28, 1969, and $6,000 on the 28th day of February of each year beginning on February 28, 1970 with the last $6,000 payment being due on April 28, 1979."

is vacated and judgment is entered here as follows:

The plaintiff shall pay the $90,000 to the clerk of the circuit court of

Macoupin County, for the benefit of the defendant, in the following manner:

$30,000 February 28, 1969
6,000 February 28, 1970
6,000 February 28, 1971
4,800 February 28, 1972
4,800 February 28, 1973
4,800 February 28, 1974
4,800 February 28, 1975
4,800 February 28, 1976
4,800 February 28, 1977
4,800 February 28, 1978
4,800 February 28, 1979
4,800 February 28, 1980
4,800 February 28, 1981

That portion of the order of April 16, 1971, allowing interest on the $30,000 installment is reversed, and said order is affirmed in the allowance of interest on the $6,000 installment. The order made by docket entry on April 16, 1971, allowing attorney's fees on appeal is affirmed.

Judgments affirmed in part, reversed in part, vacated in part, and decree modified.

TRAPP, P. J., and CRAVEN, J., concur.