Alice Fay Schaperkoetter, Defendant-Appellant, *v.* Dale William Schaperkoetter, Plaintiff-Appellee.

(No. 72-303;

Fifth District—July 20, 1973.

Sprague, Sprague & Ysursa, of Belleville, for appellant.

Hillebrand and Cook, of East St. Louis, (Bruce N. Cook, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant Alice Fay Schaperkoetter from the judgment of the Circuit Court of St. Clair County relating to child support payments and property settlement. There is but one issue present for review: Whether the judgment of the trial court was contrary to the manifest weight of the evidence and as a consequence thereof contrary to the law?

Dale William Schaperkoetter, the plaintiff, was married to Alice Fay Schaperkoetter on October 26, 1968. On October 22, 1970, the plaintiff filed a complaint for divorce. The defendant, Alice Fay Schaperkoetter, on November 20, 1970, filed her answer and counterclaim. The parties

agreed by stipulation that the court would hear evidence only as to the grounds for divorce on the defendant's counterclaim. The plaintiff's motion to dismiss his complaint was granted.

The parties further stipulated that the defendant would be awarded the custody of the parties' one minor child. On May 16, 1972, the court granted the "Plaintiff counterdefendant" wife a decree of divorce on the grounds of extreme and repeated mental cruelty. The court retained jurisdiction to hear further evidence as to visitation, child support and property distribution.

The matter was again taken up on May 18, 1972, when evidence was heard relating to the matters of visitation rights, child support and property distribution. The evidence showed that the defendant was working prior to her marriage to the plaintiff but quit shortly before the marriage; that shortly after they were married the parties purchased a home with a down payment of $5000 of which the defendant contributed not quite one half.

The defendant has another child by a previous marriage and this child also resided with the parties.

The plaintiff is regularly employed as a diesel mechanic by P. I. E. Transport and his gross earnings for year 1969 as reported on his Income Tax Return were $10,676.34, and the defendant testified that the plaintiff received cash monies for working for others outside of his regular employment. The defendant earned about $350 per month when she was working prior to her marriage to the plaintiff. The defendant has not been receiving any support payments from her first husband although he has been ordered by the court to pay an amount of $80.00 per month. The defendant has, during the period of separation from the plaintiff, been receiving assistance from the Illinois Department of Public Aid.

The evidence further showed that the parties' minor child was in poor health and had been under the care of a pediatrician and psychologist. The child has been hospitalized for various maladies.

At the conclusion of the evidence the court entered its decree ordering, among other things, the plaintiff to pay the sum of $35 per week for child support, that the family residence be sold and the equity therein be equally divided between the parties and that the plaintiff provide and maintain health insurance for the minor child during her minority. Provisions were also included for extensive visitation by the plaintiff.

■■ We have examined the record and do not find an abuse of discretion. The parties had been married but two years at the time of their separation. The wife while contending that she provided almost one half of the down payment for the house, also purchased with her monies, furnishings which she has been allowed to retain. It appears that the

parties jointly contributed approximately $5700 towards the house and furnishings, of which the wife contributed $2481.

■■ With regard to both actual and expected medical expenses of the child, the court has ordered that the plaintiff provide the child with medical insurance.

■■ The sum of $35 a week is approximately $\frac{1}{16}$th of the plaintiff's gross income before taxes and not so manifestly unfair or unjust as to be disturbed by this Court. (*Miezio v. Miezio,* 6 Ill.2d 469, 129 N.E.2d 20.) This Court will not substitute its judgment for that of the trial court, which heard the evidence and observed the parties and is presumed to be correct unless the trial court's findings are clearly and manifestly against the weight of the evidence. (*Olson v. Olson,* 66 Ill.App.2d 227, 213 N.E.2d 95.) "From a careful review of the evidence, we are of the opinion that the trial court was within its discretion in fixing the amount of * * * child support that it did." *Everett v. Everett,* 25 Ill.2d 342, 185 N.E.2d 201 at p. 203.

The judgment of the trial court is affirmed.

CREBS and JONES, JJ., concur.