MAYRON R. CRENSHAW, Plaintiff and Counterdefendant-Appellee, *v.* BARBARA M. CRENSHAW, Defendant and Counterplaintiff-Appellant.

First District (2nd Division)    No. 62805

Opinion filed February 1, 1977.

Donald A. Carr, of Carr & O'Rourke Associates, of Chicago (Jerrald B. Abrams, of Abrams & Fogel, of counsel), for appellant.

Howard T. Savage, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:
Appellant, Barbara M. Crenshaw, appeals from a decree entered by the

circuit court whereby she was granted a divorce from appellee, Mayron R. Crenshaw. The decree for divorce provided that appellant be awarded custody of their one minor child, a daughter aged 14; $250 per month for child support; all household furniture and furnishings; and a 1974 Chevrolet automobile. Appellee was ordered to provide a college education for the minor child if such is desired and appellee is financially able to do so; to maintain a medical insurance policy on behalf of the minor child; and to assume payment of all outstanding balances on the household furniture and furnishings and the 1974 Chevrolet automobile. In addition, the sale of the marital home was ordered with the proceeds derived therefrom to be divided equally between the parties. Appellant was awarded exclusive use and possession of the property until the sale. The questions of appellant's right to alimony and of attorney's fees were expressly reserved for further order of the court. On appeal, appellant contends that three provisions of the divorce decree are without sufficient evidentiary support and thus are an abuse of discretion. Appellant maintains that she should have been awarded permanent and exclusive possession of the marital home, an increased amount for child support, and appropriate periodic alimony.

This action was commenced on December 3, 1974, upon appellee's filing of a complaint for divorce. Appellant responded by filing both an answer to the complaint and a counterclaim for separate maintenance. By her counterclaim, appellant prayed for, in part, a reasonable amount of both temporary and permanent separate maintenance, child support, and attorney's fees. Following appellee's answer to the counterclaim and by order of court, appellant was permitted to amend her counterclaim for separate maintenance to a counterclaim for divorce, and appellee's previous answer was allowed to stand.

While the pretrial proceedings were progressing, appellant filed a petition seeking exclusive possession of the marital home during the pendency of the lawsuit. Thereafter, on January 17, 1975, the trial court entered an order requiring, *inter alia*, appellee to continue paying all expenses associated with the marital home and to pay appellant $250 per month "for food." A hearing on appellant's request for exclusive possession of the marital home was continued.

The cause came on for hearing on June 19, 1975, on appellee's complaint for divorce, appellant's counterclaim for divorce, and the responsive pleadings thereto. At that hearing, the grounds for divorce asserted in appellant's counterclaim were uncontested, and the court announced that a dissolution of the marriage would be granted. The hearing then proceeded with respect to other matters encompassed by the divorce decree. At the conclusion of the proceedings, the divorce decree was entered. When appellant's post-trial motion for a review of the ruling, or, in the alternative, a new trial was denied, this appeal was

perfected. Sale of the marital home was stayed pending the outcome of this appeal.

Appellant initially contends that it was an abuse of discretion for the trial court to reserve the question of alimony. That appellant advances this position on appeal is somewhat surprising in view of the fact that her counsel requested the trial court on at least three occasions to reserve the question of alimony. During oral arguments before this court, counsel clarified his position. He explained that in the trial court he sought a "package" award for appellant to include exclusive ownership of the marital home and an appropriate amount for child support. If the trial court had awarded appellant this composite settlement, a reservation of the question of alimony would have been acceptable to counsel, indeed it was part of the package, in light of appellant's financial status. However, since the trial court only awarded appellant one-half of the proceeds from the sale of the marital home and $250 per month for child support, it is now argued that the trial court abused its discretion by reserving the question of alimony. Appellant seeks a remandment of the cause with directions that the trial court award appellant either the marital home and a greater sum for child support, or a reasonable amount as alimony.

■■ A trial court has the right to retain in a decree for divorce jurisdiction of the question of alimony. (*Starrett v. Starrett* (1907), 132 Ill. App. 314.) Thereafter, a party to the divorce proceedings can file a petition with the trial court, setting forth the divorce decree and the reservation of jurisdiction on the question of alimony contained therein, and request that an order awarding alimony be entered. *Farris v. Kiriazis* (1946), 329 Ill. App. 225, 67 N.E.2d 701.

In the instant case, the trial court did not abuse the broad discretion vested in it by reserving jurisdiction of the question of alimony, particularly in light of appellant's repeated requests that it do so.

■■ With regard to appellant's contention that she is entitled to exclusive ownership of the marital home held by the parties in joint tenancy, section 17 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 18) and the decisional law construing that section are controlling. Section 17 provides as follows:

> "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

To justify the conveyance of one spouse's interest in property to the other spouse pursuant to section 17, special equities or circumstances must be specifically alleged in the complaint or counterclaim for divorce and established by the evidence. (*Persico v. Persico* (1951), 409 Ill. 608, 100

N.E.2d 904.) For example, the contribution of money or services, other than those normally performed in a marital relationship, which has directly or indirectly been used to acquire or enhance the value of the property must be alleged and proven. (*Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.) Thus, bearing children or residing in the marital home do not operate to increase a wife's equitable interest in the property (*Everett v. Everett* (1962), 25 Ill. 2d 342, 185 N.E.2d 201), and voluntary payments by a wife for family expenses during the time the husband and the wife are living together do not create an indebtedness from the husband to the wife in the absence of an agreement. *Spaulding v. Spaulding* (1935), 361 Ill. 387, 198 N.E. 136.

In the instant case, appellant did not allege special equities or circumstances in her counterclaim for divorce. Even had she done so, the evidence fails to establish that appellee holds title to property equitably belonging to appellant. In arguing the existence of special equities in her favor, appellant relies upon the facts that she was married to appellee for 26 years, that they enjoyed the birth of two children during their marriage, and that she was awarded custody of the minor child. Moreover, appellant relies on the contributions, both financially and in services, that she made toward the procurement and maintenance of the marital home.

■■ A review of the record indicates that the parties made approximately equal contributions toward the down payment of the house when they purchased it in 1958 for $19,500. Thereafter, according to appellant's testimony, appellee wrote checks on his personal checking account for all mortgage and utility payments. Meanwhile, appellant was cashing her paychecks and contributing cash toward various household and personal necessities such as food and clothing. Although appellant testified that she financed certain improvements to their property, including the repair of five concrete steps; the construction of a fence around the house, a patio, and a recreation room; the purchase of furniture for the recreation room; and the resodding of the lawn, the value of these improvements was not itemized. Unlike other cases (*e.g., Everett v. Everett; Schaperkoetter v. Schaperkoetter* (1973), 13 Ill. App. 3d 120, 299 N.E.2d 780), the respective equities in the marital home of the parties to this action cannot be accurately estimated. Moreover, in accordance with the authorities summarized above, many of the contributions cited by appellant are not of the nature to increase her equitable interest in the property. While appellant's total contributions throughout their 26 years of marriage appears to have been significant, the record does not establish that they are greater than appellee's contributions to household expense. Since appellant was awarded all household furniture and furnishings, and since appellee has assumed payment of the outstanding mortgage on the

property which is in excess of $4000, that portion of the divorce decree ordering the sale of the marital home, valued at $40,000-$45,000 at the time of trial, and the equal distribution of the proceeds between the parties is supported by the evidence.

■■ With regard to appellant's final contention that the amount of child support awarded to her was inadequate, we are mindful that setting the amount of such awards lies within the sound discretion of the trial court, and its decision will not be set aside unless contrary to the manifest weight of the evidence. (*Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 297 N.E.2d 654.) In arriving at an appropriate amount for child support when custody of the minor children has been awarded to the mother, the trial court must consider the needs of the children and the ability of their father to contribute to their support. (*Needler v. Needler* (1971), 131 Ill. App. 2d 11, 268 N.E.2d 517.) In addition, the employment and financial status of the mother must be considered. *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.

■■ In the instant case, the trial court awarded appellant $250 per month for child support. Appellant now argues that this sum is inadequate to properly provide for her 14-year-old daughter, particularly in light of the income appellee derives from his law practice. The record reveals that appellee's net income after taxes was approximately $11,000 and $10,500 respectively. When the trial court determined that child support would be set at $250 per month, the court noted that appellee had been making monthly payments to appellant for temporary support in the amount of $250. There was no showing by appellant that $250 had been inadequate for temporary support. Indeed, little evidence was adduced concerning the needs of the minor child in order to aid the court in reaching a determination. (*Cf. Gill v. Gill* (1972), 8 Ill. App. 3d 625, 290 N.E.2d 897, *affirmed*, 56 Ill. 2d 139, 306 N.E.2d 281; *Robin v. Robin*, 45 Ill. App. 3d 365, 359 N.E.2d 809.) It appears that the court simply ordered the continued payment of that amount as permanent child support in conjunction with defining appellee's obligations to provide medical insurance and a college education for the child. When the respective financial positions of the parties are considered, and since the needs of the child were not established, the decision of the trial court was not contrary to the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

DOWNING, P. J., and PERLIN, J., concur.