JOHN B. LAING, Plaintiff and Counterdefendant-Appellee and Cross-Appellant, *v.* MARILYN V. LAING, Defendant and Counterplaintiff-Appellant and Cross-Appellee.

Second District   No. 76-413

Opinion filed December 16, 1977.

Edward F. Zahour, of Chicago, for appellant.

Feiwell, Glaper & Lasky, of Chicago (Michael J. Berger and Daniel C. Meenan, Jr., of counsel), for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

These appeals arise out of the parties' 1976 divorce. The defendant, counterplaintiff, appellant, cross-appellee, Marilyn V. Laing, hereinafter referred to as the "defendant," appeals from certain portions of the supplemental judgment for divorce. The plaintiff, counterdefendant, appellee, cross-appellant, John B. Laing, hereinafter referred to as the "plaintiff," filed a cross-appeal claiming the trial court incorrectly denied him full reimbursement for paying the 1975 real estate taxes on the marital home. The responsibility for paying those taxes had been placed on the defendant by an earlier court order. On the basis of the plaintiff's cross-appeal, this cause must be remanded to the circuit court of Du Page County.

The facts of this case begin on November 30, 1973, when the plaintiff filed a divorce complaint. On March 14, 1974, the defendant filed a countercomplaint for separate maintenance. An order for temporary support in the amount of $1,125 per month was entered in the defendant's favor on November 7, 1974. That order also required the defendant, who was living in the marital home, to pay the real estate taxes on it.

At the time this temporary support order was entered, the plaintiff was a shareholder, officer, director and employee of Four States Machinery Company, a closed corporation, and he was earning approximately $40,000 a year. Shortly after the entry of the temporary support order, the plaintiff was forced out of his positions with Four States Machinery Company. As a result, plaintiff's income dropped to approximately $1,000 per month. By borrowing against his personal assets the plaintiff was able to make the support payments until June of 1975, at which time he petitioned the court for a reduction in the amount of his support payments. On June 24, 1975, an order was entered reducing the support payments to $500 per month. The order further provided that all other provisions of the November 7, 1974, temporary support order should remain in effect.

The defendant filed an amended complaint for divorce on November 4, 1975, and on March 12, 1976, a judgment for divorce was entered on the defendant's amended complaint. On June 16, 1976, the court entered a supplemental judgment for divorce which effected a property settlement.

Based on the plaintiff's then income of $1,000 per month, the defendant was awarded $300 per month in alimony and $200 per month in child support. The marital home was left in the defendant's possession until the summer of 1979, when it is to be sold. The court explained the date of the sale by pointing out that the couple's one remaining minor child, who was in his mother's custody, would be changing schools at that time—thus, a synonymous move would create the least disruption to the child's life. Upon the sale of the marital home in 1979, the plaintiff is to be fully reimbursed for paying the 1974 real estate taxes on the marital home and reimbursed to the extent of one-half for paying the 1975 real estate taxes. Plaintiff paid the 1975 taxes after the defendant failed to do so as required by the temporary support order of November 7, 1974. The remainder of the proceeds of the sale of the marital home are to be equally divided between the plaintiff and the defendant. The supplemental judgment also found that the plaintiff's General Motors stock, his sailing yacht, and his interest in and claims against Four States Machinery Company were his individual property. Plaintiff's interest in and claims against Four States Machinery Company are currently the subject of a suit pending in the circuit court of Cook County. The supplemental judgment further orders the plaintiff to inform the defendant when that suit is settled or terminated. The transcript reveals the trial court believed the conclusion of that suit might cause a sufficient change in circumstances as to warrant an alteration in the size of the alimony and child support awards.

We deal first with the plaintiff's cross-appeal in which he has raised two issues. First, the plaintiff asserts that the court's order giving him only half credit for paying the 1975 real estate taxes on the marital home was, in effect, a partial release of the defendant's obligation to pay those taxes. Plaintiff contends the court lacked the jurisdiction to effect such a release. We must agree.

■■ Under the November 7, 1974, temporary support order, the defendant was clearly obligated to pay the real estate taxes on the marital home. While the order of June 24, 1975, reduced the support payments due to the defendant to $500 per month, that order left all other provisions of the November 7, 1974, order in effect, including the defendant's duty to pay the real estate taxes on the marital home. The defendant was not relieved of that obligation until the entry of the supplemental judgment for divorce on June 16, 1976. However, the defendant failed to meet her obligation to pay the 1975 real estate taxes which were due in 1976. To save the marital home from a possible tax sale, the plaintiff paid the 1975 real estate taxes after being ordered to do so by the court. By way of reimbursing the plaintiff's payments of the real estate taxes, the court ordered that he be given one-half credit for paying them out of the proceeds from the sale of the marital home in 1979. The plaintiff contends

that he is entitled to full reimbursement for paying the 1975 real estate taxes. Under the November 7, 1974, temporary support order it was the defendant's obligation to pay the real estate taxes. This obligation accrued with the passing of time. Hence, when 1975 passed with the November 7, 1974, order still in effect, the defendant's obligation to pay all the taxes for that year became fixed. Once the duty to pay the taxes accrued, the right to receive the corresponding benefit became vested in the plaintiff and could not be taken away by a court. Plaintiff supports this position by drawing an analogy to alimony payments. Once an alimony payment has become due, the recipient's right to receive it becomes vested and a court may not reduce the amount past due. (*Loveless v. Loveless* (1972), 3 Ill. App. 3d 967, 279 N.E.2d 531; *Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 299 N.E.2d 413.) We find this analogy to be persuasive. The right to receive a past-due alimony payment and the plaintiff's right to be relieved of paying the 1975 taxes on the marital home are similar in that both are economic benefits. The right to receive alimony payment vests when the payment becomes past due. The plaintiff's right to be relieved of the burden of paying any part of the 1975 taxes became vested when a year passed, with the November 7, 1974, order obligating the defendant to pay them still in effect, for it was during that year that the obligation to pay the taxes accrued. Accordingly, we hold the supplemental judgment for divorce must be modified to give the plaintiff full credit for having paid the 1975 taxes when the marital home is sold.

■■ The plaintiff's second contention is that the court abused its discretion by ordering him to pay the defendant's attorney's fees of $5,000 within 90 days of the entry of the supplemental judgment for divorce. Plaintiff does not dispute the court's authority to order him to pay the attorney's fees, but contends that requiring him to pay within 90 days was an abuse of discretion and prays for additional time to pay the attorney's fees. As the record reveals that the trial court did not abuse its discretion in ordering the plaintiff to pay the defendant's attorney's fees, there is no merit to this contention by the plaintiff.

■■■ Next, we turn to the defendant's appeal. In that appeal, the defendant has assaulted the supplemental judgment for divorce on three fronts. First, she attacks the court's disposition of the marital home by asserting that the trial court erred by not awarding her the home. The marital home was held in joint tenancy. Therefore the court could not convey the plaintiff's interest in the marital home to the defendant unless special equities were pleaded and proved. (*Crenshaw v. Crenshaw* (1977), 45 Ill. App. 3d 880, 360 N.E.2d 576; *Everett v. Everett* (1962), 25 Ill. 2d 342, 185 N.E.2d 201.) The defendant neither pleaded nor proved any special equities in the marital home. Next, the defendant asserts she should be credited with the $10,000 homestead exemption upon the sale of

the marital home. This court has expressly rejected this argument in *Berg v. Berg* (1977), 45 Ill. App. 3d 422, 359 N.E.2d 892.

■■ Thirdly, the defendant asserts that the trial court's ordering of the sale of the marital home in 1979 was contrary to the manifest weight of the evidence. The record clearly reveals the trial court ordered the home sold in 1979 because the couple's remaining minor child would be changing schools at that time, and it seemed in the best interests of the child to effect a move at that time. Hence, it is clear that the trial court acted within its sound discretion in ordering the marital home to be sold in 1979, and we will not overturn the court's exercise of its discretion.

■■■ The second front of the defendant's assault is upon the size of the alimony and child support awards given by the court. These arguments are also without merit. The record clearly reveals the size of the alimony and child support awards are based upon the plaintiff's current income. The court further suggests that a settlement of the plaintiff's suit involving his interest in and claims against Four States Machinery Company might constitute a change in circumstances justifying an alteration in the size of the alimony and child support awards. The defendant further asserts that the trial court should have ordered the plaintiff to pay alimony out of his personal assets. The defendant neither pleaded nor proved any special equities in her husband's personal assets and therefore is not entitled to any portion of them. *Crenshaw v. Crenshaw* (1977), 45 Ill. App. 3d 880, 360 N.E.2d 576; *Everett v. Everett* (1962), 25 Ill. 2d 342, 185 N.E.2d 201.

■■ Finally, the defendant asserts the supplemental judgment is contrary to the manifest weight of the evidence. We cannot agree. The defendant is given periodic alimony and 50 percent of the couple's joint assets. The plaintiff has additional assets, but the record clearly reveals that they were found to be his individual assets and the defendant neither pleaded nor proved special equities in them.

Accordingly, in reference to the defendant's appeal, we affirm the circuit court of Du Page County, and in reference to plaintiff's cross-appeal, we remand the cause to the circuit court of Du Page County with instructions to modify the supplemental judgment for divorce entered June 16, 1976, to provide that the plaintiff, John B. Laing, be given full credit for having paid the 1975 taxes when the marital home is sold.

Affirmed in part; remanded with instructions.

WOODWARD and NASH, JJ., concur.