SAMUEL SHUSTER, Plaintiff-Appellee, v. ROBERT M. BRANTLEY *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—91—0332

Opinion filed November 30, 1992.

Orner & Wasserman, of Chicago (Norton Wasserman and Mary A. Mazurk, of counsel), for appellants.

Herbert F. Stride, Ltd., and William J. Harte, Ltd., both of Chicago (Herbert F. Stride, William J. Harte, and Joan M. Mannix, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

This appeal arises out of a dispute between the parties as to the amount of interest owed by the defendant judgment debtors on a judgment entered on plaintiff's behalf. After a trial on plaintiff Samuel Shuster's personal injury suit against defendants Robert M. Brantley, Diane Newman and James Newman, the jury returned a verdict in favor of the plaintiff in the amount of $950,000 but reduced the award to $76,000 after finding plaintiff 92% contributorily negligent. Judgment was entered in the amount of $76,000 against Robert Brantley and Diane Newman. A directed verdict was entered in favor of defendant James Newman.

Following entry of the judgment, plaintiff filed a post-trial motion requesting a new trial on the issue of comparative negligence or, in the alternative, a new trial on all issues. The trial court denied plaintiff's post-trial motion and plaintiff appealed.

While plaintiff's appeal was pending in the appellate court, defendants' insurance carrier tendered to plaintiff's attorney a check, dated December 28, 1988, in the sum of $84,005.17 as satisfaction of the judgment entered against defendants. The check was made payable to "Samuel Shuster, Herbert F. Stride, Ltd., William J. Harte, Ltd., and the Law Offices of Richard S. Bennett, his attorneys, American Ambassador Casualty Company, as subrogee of Samuel Shuster, Benefit Trust Life Insurance Company, as subrogee of Samuel Shuster." Plaintiff's counsel returned the check with a letter stating:

"This cause is on appeal in the Illinois Appellate Court, First District. The outcome of that appeal will have to be realized before a proper tender of the satisfaction funds can be considered."

The appellate court affirmed the judgment of the trial court, and plaintiff petitioned the supreme court for leave to appeal. Following the denial of plaintiff's petition for leave to appeal, plaintiff demanded satisfaction of the judgment, with interest to date. Defendants refused, asserting that the tendered check dated December 28, 1988, served to stop the further accrual of interest on the judgement.

Plaintiff then moved for summary judgment on the issue of whether the December 28, 1988, check, sent to plaintiff's counsel by defendants' insurance carrier, constituted a valid tender in satisfaction of the judgment debt.

On January 3, 1991, the trial court entered an order granting plaintiff's motion for summary judgment. The court found that the check dated December 28, 1988, was an invalid tender because it was a conditional tender including the names of payees in addition to the judgment creditor, and that plaintiff is entitled to interest accruing by the statutory amount until satisfaction of the judgement.

The sole issue on appeal is whether the tender made by defendants on December 28, 1988, stopped the accrual of interest on the judgment. For the following reasons, we reverse the decision of the trial court.

■ Under section 2—1303 of the Code of Civil Procedure, "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303.) Interest continues to accrue even when an appeal is pending. (*In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 494 N.E.2d 541.) Section 2—1303 does, however, provide a means for a judgment debtor to stop further accrual of interest. The provision provides:

> "The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303.)

Defendants claim that they stopped the accrual of interest on the judgment in accordance with section 2—1303 when they tendered the check for $84,005.17 to plaintiff on December 28, 1988. Plaintiff, in turn, contends that the accrual of interest on the judgment was not stopped in 1988 since the check proffered by defendants "was not a certified check and contained payees names who are not judgment creditors" and thus did not constitute a valid tender.

■ We initially note that there is no merit to plaintiff's contention that defendants' tender was invalid because it was not made by certified check. Neither the relevant tender statute (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303) nor the case law applying the tender statute imposes the requirement that the tender be made by certified check.

■ The trial court reached its decision that defendants' tender was invalid based solely on the fact that defendants listed as payees on the December 28, 1988, check (in addition to plaintiff and his attorneys) the American Ambassador Casualty Company and the Benefit Trust Life Insurance Company, thereby improperly making the tender conditional. According to the doctrine of subrogation, if the tortfeasor or his insurance carrier had knowledge of the insurer-subrogees's interest prior to tender, but the tender does not include an amount designated as covering the insurer's subrogation interest, the insurer-subrogee may bring a subrogation action against the tortfeasor or his insurance carrier. (*Home Insurance Co. v. Hertz Corp.* (1978), 71 Ill. 2d 210, 375 N.E.2d 115.) Therefore, if defendants' insurance carrier did in fact have notice that both American Ambassador and Benefit Trust Life were subrogated to the rights of plaintiff, naming these parties as payees would have been a proper procedure to protect defendants and their insurance carrier from claims by unreimbursed lien holders. While defendants claim to have received notice of American Ambassador and Benefit Trust Life's subrogation rights, the record is devoid of any document proving the receipt of such notice.

Despite this fact, we still conclude that defendants' tender on December 28, 1988, stopped the accrual of interest on the judgment. Our decision is based on the fact that at the time of tender, plaintiff never objected to the form of tender. When plaintiff refused to accept the tender, he stated only that "the outcome of [the] appeal will have to be realized before a proper tender of the satisfaction funds can be considered." It is clear that plaintiff would have rejected defendants' tender regardless of whether or not the lien holders were included as payees. The tender was rejected solely because plaintiff hoped to get a more favorable result on appeal. Plaintiff now objects to the form of tender. However, if no specific objection to the form or contents of the tender is made at the time of tender, the objection is waived. (*Gravelot v. Skender* (1956), 9 Ill. 2d 15, 135 N.E.2d 756; *Ricke v. Ricke* (1980), 83 Ill. App. 3d 1115, 405 N.E.2d 351; *Loveless v. Loveless* (1972), 3 Ill. App. 3d 967, 279 N.E.2d 531.) In failing to specifically list his objection to the tender at the time of tender, plaintiff denied defendants the opportunity to cure the deficiency. (*Thompson v. Crains* (1920), 294 Ill. 270, 128 N.E. 508; *Gradle v. Warner* (1892), 140 Ill. 123, 29 N.E. 1118.) We therefore find that plaintiff's failure to make a timely objection to the inclusion of the lien holders prevents plaintiff from now raising that objection.

Accordingly, we reverse the order of the trial court granting summary judgment in favor of plaintiff, and we find that the interest accrual on plaintiff's judgment terminated December 28, 1988, and that the sum of $84,005.17 constitutes full and complete satisfaction of the judgment entered against defendant.

Reversed.

LORENZ and GORDON, JJ., concur.