Jose Rey, Plaintiff-Appellant, *v.* Rosario Germendia Rey, Defendant-Appellee.

(No. 73-192; ▮▮▮▮▮

Second District—November 7, 1974.

Elman & Ehardt, of Harvard, for appellant.

No appearance for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
The plaintiff filed a complaint against his wife seeking a divorce on

the grounds of mental cruelty (Ill. Rev. Stat. 1973, ch. 40, par. 1). The defendant submitted her answer denying the material allegations in the complaint. At the close of the plaintiff's testimony at the hearing before the court, the defendant's motion for a directed finding in her favor was granted. The plaintiff appeals.

The defendant has not filed an appearance nor an answering brief in this court. We exercise our discretion to rule on the merits, however. *Loucks v. Loucks* (1971), 130 Ill.App.2d 961, 964.

The plaintiff testified that after having been married for 20 years the parties were separated in 1972 because his wife was constantly argumentative and unpleasant. He said she humiliated him by finding fault with him in front of his friends and she threatened to leave home on many occasions. In addition, the plaintiff testified to the defendant's bad temper, and at times that she threw things, although not at him. He stated that on several occasions she threatened to commit suicide by drinking toilet cleaner. He also testified on direct examination that his wife would lock herself into the bedroom or the bathroom, refusing to talk to him or to the children and that this happened 5 days a week. On cross-examination, however, he said that his wife would close the door to her bedroom 5 days a week, but he admitted she did not lock it. He said that he did not provoke any of his wife's objectionable conduct.

Plaintiff also testified that because of his wife's actions he was "nervous, scared too," he made many mistakes at work because of nervousness, and that he would kill himself before he came back to live with her. On cross-examination the plaintiff said that he did not see a doctor for his nervousness, but he did take aspirin.

In granting the defendant's motion for a directed finding, the court noted that, taking the testimony of plaintiff as uncontradicted, it was unable to find that the plaintiff's life, person or health were in danger, nor was it able to conclude that the plaintiff's life was unendurable.

The plaintiff contends that his testimony established a prima facie case of mental cruelty and that the court's ruling was contrary to the manifest weight of the evidence.

■■ To prove a case entitling a spouse to a divorce on the grounds of mental cruelty, the evidence must show that the conduct of the offending spouse is unprovoked and constitutes a course of abusive and humiliating treatment calculated or obviously of a nature to torture, discommode, or render miserable the life of the complaining spouse or to endanger his or her life, person or health. Whether the acts in question constitute mental cruelty depends upon the total factual background and is determined primarily by the effect of the alleged misconduct upon the complaining party. *Sharpe v. Sharpe* (1973), 9 Ill.App.3d 667, 669-

70; *Howison v. Howison* (1970), 128 Ill.App.2d 377, 381-382; *Stanard v. Stanard* (1969), 108 Ill.App.2d 240, 249.

In the cases cited the trial court had the duty to weigh the evidence and to make its determination applying the mental cruelty standards, and the reviewing court was required to test the judge's finding to determine whether it was against the manifest weight of the evidence as disclosed by the entire record. This case requires application of a different test to review the granting of the defendant's motion at the close of the plaintiff's case. Section 64(5) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 64(5), as amended, Ill. Rev. Stat. 1973, ch. 110, par. 64(3)) requires the judge to weigh the evidence in ruling on a motion for a directed finding at the close of the plaintiff's case in equity cases and cases at law tried without a jury.

■■ The extent of the court's discretion in fulfilling its duty to weigh the evidence in ruling on the motion at the close of the plaintiff's evidence has not been uniformly interpreted. There are expressions in several cases that the plaintiff's evidence, together with all reasonable intendments, should be construed in a light most favorable to the plaintiff, and should there be *any evidence* (*J. L. Simmons Co. v. Lumbermens Mutual Insurance Co.* (1967), 84 Ill.App.2d 98, 103) or *any substantial evidence* (*Collinet v. Collinet* (1961), 31 Ill.App.2d 72, 77) which standing alone supports the claim, the motion should be denied. In *Bochenek v. Bochenek* (1972), 5 Ill.App.3d 65, 68, the *Pedrick* rule (*Pedrick v. Peoria & Eastern R. R. Co.* (1967), 37 Ill.2d 494) is suggested as an analogous standard.

A somewhat different standard is given expression in the cases which conclude that the trial judge in ruling on the motion considers the credibility of witnesses and assesses the quality of the testimony to determine whether the plaintiff's evidence taken alone establishes a prima facie case. On appeal the reviewing court must conclude that the trial court's finding is against the manifest weight of the evidence in order to reverse. *Gray v. Schottmiller* (1974), 18 Ill.App.3d 812, 815; *Chappell v. Juergens* (1973), 11 Ill.App.3d 469, 472-3; *De Bello v. Checker Taxi Co.* (1972), 8 Ill.App.3d 401, 414.

■■ It is our view that in ruling on a motion at the close of the plaintiff's evidence, the trial court sitting without a jury should not consider the evidence in the light most favorable to the plaintiff but must weigh the evidence including any that may be favorable to defendant. It should draw reasonable inferences and determine the credibility of the witnesses, and if the plaintiff has not met his burden of proof by the preponderance of the evidence, it should make a final determination of the case on the merits in favor of the defendant. *Hawthorn Mellody Farms Dairy,*

*Inc. v. Rosenberg* (1973), 11 Ill.App.3d 739, 744; *Cf. Emerson Electric Co. v. Farmer* (5th Cir. 1970), 427 F.2d 1082, 1086; *Ellis v. Carter* (9th Cir. 1964), 328 F.2d 573, 577.

■■ Applying these standards to this record, we conclude that the trial judge's finding in favor of the defendant at the close of the plaintiff's evidence was not against the manifest weight of the evidence. The conduct of defendant of which the plaintiff complained was of a nature to fall within accepted definitions of mental cruelty. The judge, however, with the witness before him could well have considered that the uncorroborated testimony was lacking in detail, partially impeached on cross-examination, and he could properly have concluded that the effect of the conduct on the plaintiff, which by his own testimony he had been tolerating for 20 years, was minimal. We, therefore, affirm the judgment below which dismissed the complaint.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.