*In re* MARRIAGE OF ROBERT D. GLIDDEN, Petitioner-Appellant, and THELDA E. GLIDDEN, Respondent-Appellee.

Second District   No. 78-341

Opinion filed May 8, 1979.

John C. Tower, of Paddock, McGreevy & Johnson, of Rockford, for appellant.

Robert J. Lindvall, Joan Tess Cherry, and Bernard H. Shapiro, all of Prairie State Legal Services, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Petitioner, Robert D. Glidden, filed a complaint for divorce against respondent, Thelda E. Glidden, on March 16, 1977. Respondent filed an answer to the complaint and a counterclaim for divorce. On September 30, 1977, an amendment to the complaint was filed alleging that petitioner had expended substantial amounts of his own time and money in improving the marital home, located at 9239 Baldwin Drive in Rockford, Illinois, and asking the court to convey to him an interest in the property on the basis of "special equities" under section 17 of the then Illinois Divorce Act (hereinafter referred to as the former act) (Ill. Rev. Stat. 1975, ch. 40, par. 18).

Trial was held on November 4, 1977; therefore the provisions of the new Illinois Marriage and Dissolution of Marriage Act (hereinafter referred to as the new act), effective October 1, 1977, apply. (See Ill. Rev. Stat. 1977, ch. 40, par. 801(b).) The testimony at trial revealed that respondent had owned the Baldwin Drive property prior to her marriage to the petitioner and that the property was titled in her own name; that after their marriage in June of 1974, the Baldwin Drive property became the marital residence; that petitioner had made or attempted to make certain improvements in the marital residence, including a bedroom in the basement, an addition to the residence, a new roof and siding on the residence. According to respondent none of the improvements were completed or performed properly. According to petitioner he had spent approximately $7,000 to $8,000 in improving the marital residence and that he believed he was wasting his time and effort trying to complete the improvements.

Harold Sutton, an appraiser, testified on behalf of petitioner that the value of the property in June of 1974 was $20,000 and that at the time of the dissolution hearing its value was $32,000. The appraiser broke down the $12,000 increase in value into two segments: $4,800 was attributable to inflation since 1974 and $7,200 was attributable to construction improvements put on the property by petitioner since June of 1974.

In the judgment order for dissolution of marriage, the trial court found that the Baldwin Drive property was nonmarital property and awarded it solely to respondent. Petitioner's motion for modification of the judgment was denied. Petitioner now brings this appeal and the sole issue raised is whether the trial court erred in denying petitioner's claim to an interest in the Baldwin Drive property.

Petitioner concedes that under the provisions of the new act, the Baldwin Drive property was the nonmarital property of the respondent (Ill. Rev. Stat. 1977, ch. 40, par. 503), and that the increase in value due to inflation is also the nonmarital property of the respondent (Ill. Rev. Stat. 1977, ch. 40, par. 503(a)(5)). However, petitioner contends that the improvements made to the residence, which added to the value, were achieved through his own labor and expenditure of his own nonmarital property, namely, money saved by him prior to marriage or proceeds from the sale of his own home which he had owned prior to his marriage to respondent. Further, he argues that such a contribution of money and labor goes beyond what normally is required in a marriage relationship. Therefore, as the new act does not contain a provision governing this particular fact situation, petitioner asks this court to proceed as though it was awarding a "special equity" to him under the former act and apportion the value of the Baldwin Drive property at the time of the dissolution in accordance with the testimony of the appraiser, namely, $24,800 to respondent and $7,200 to petitioner.

Initially we note that there was substantial disagreement between the parties as to the source or sources of the funds for the improvements. Nevertheless we do not find it necessary for the purposes of this opinion to decipher the exact sources of those funds. Nor do we agree with petitioner that the new act does not contain a provision intended to deal with the situation before us.

It is clear under section 503 of the new act that the trial court properly awarded the Baldwin Drive property and its increased value to respondent as her nonmarital property. Further, while petitioner argues that respondent is only entitled to the increase in value due to inflation, we note that the statute makes no distinction as to the source of the increase and therefore we will not do so. See Ill. Rev. Stat. 1977, ch. 40, par. 503(a)(5).

Section 503 also provides in pertinent part:

"(c) In a proceeding for dissolution of marriage * * *, the court * * *. * * * also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including:

(1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital *and non-marital property* * * *." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 40, par. 503(c).)

Rather than recognizing an "equity" in the nonmarital property as was done under the former act, the new act contemplates a scheme by which the contributing spouse, in this case the petitioner, is compensated by the allocation to him of a disporportionate share of the marital property. At least one other jurisdiction with a substantially similar statute has applied the same interpretation with regard to its own statute. See *Stark v. Stark* (Mo. App. 1976), 539 S.W.2d 779, and *Cain v. Cain* (Mo. App. 1976), 536 S.W.2d 866.

While petitioner has raised no objection on this appeal to the distribution of the marital property, we have examined the record in this regard and are of the opinion that the trial court's order incorporated the scheme of distribution contemplated by section 503(c) in its division of the marital property and that no abuse of discretion occurred here.

We therefore affirm the judgment of the circuit court of Winnebago County.

Affirmed.

GUILD, P. J., and NASH, J., concur.