*In re* Marriage of CATHERINE M. KEY, a/k/a Catherine M. Key Munson, Petitioner and Counterrespondent-Appellant and Cross-Appellee, and BYRON E. MUNSON, Respondent and Counterpetitioner-Appellee and Cross-Appellant.

Fourth District   No. 15226

Opinion filed May 21, 1979.—Rehearing denied June 15, 1979.

Harlan Heller, Ltd., of Mattoon (Harlan Heller and Brent D. Holmes, of counsel), for appellant.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The petitioner, Catherine Key, filed a complaint for divorce in the circuit court of Coles County. Byron Munson, the respondent, filed a counterclaim for divorce along with his answer to the petitioner's complaint. Following a hearing, the court awarded judgment to the petitioner and denied the respondent's counterclaim. Although the petitioner filed her suit prior to the effective date of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*), the parties are in agreement that the Act is applicable because its effective date was prior to the court's entry of final judgment (Ill. Rev. Stat. 1977, ch. 40, par. 801(b)).

The parties were married on March 9, 1974. At the time of trial, the petitioner was 47 years of age and the respondent was 56. Both prior to and during the marriage, the petitioner was an assistant professor of sociology and anthropology at Elmhurst College in Elmhurst, Illinois. The respondent is and was a full professor of sociology and director of

graduate studies of sociology at Eastern Illinois University. During their marriage, they maintained their marital home outside of Charleston, Illinois, and the petitioner lived in Elmhurst, Illinois, three to five days a week during the school year, depending upon her teaching schedule.

At the time the parties were married, the petitioner had accumulated numerous assets, including some farmland in Arkansas, a house in Palatine, Illinois, and an insurance settlement. After the marriage, she liquidated all of her assets which amounted to $50,315.39. The respondent liquidated assets amounting to $9,099. The parties invested all of this money, plus their salaries and individual labor, into a 220-acre tract of land in a rural area near Charleston where they built a home with an apartment.

The trial court ordered this marital home and the 25 acres of land upon which it was situated to be sold. The proceeds of that sale would first be applied to the valid first mortgage. Next, cost of the sale would be paid. Then the petitioner would be paid $20,000 special equity. If the equity was insufficient to satisfy payment to the petitioner, it would be satisfied from any equity the parties had in the remaining 195 acres. The court further ordered that all unsecured indebtedness incurred by either or both parties prior to the institution of the proceedings would be paid equally by the parties and the court declared that the parties owned an undivided one-half interest in the remaining property.

In this appeal both parties have asserted that the trial judge erred in his division of the real property which they held jointly. The petitioner asserts that she is entitled to an assignment in the amount of her entire nonmarital assets $50,315.39, plus a one-half interest in the remaining property. The respondent asserts that the petitioner's nonmarital assets became part of the marital estate by way of a gift from the petitioner and that an equal division of the property is mandated because neither party had any "special equities" in the property.

Under section 503(b) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(b)), all property acquired after marriage but before judgment of dissolution is presumptively marital property irrespective of how title is held. The statute enumerates five methods of overcoming this presumption. That property which is acquired by the parties in exchange for property which was acquired before the marriage is to be considered nonmarital property. Ill. Rev. Stat. 1977, ch. 40, par. 503(a)(2).

■■ We conclude that where, as here, identifiable, nonmarital assets, whether in the form of cash or tangible property, have been exchanged for jointly held property, the parties, upon dissolution of marriage are entitled to a refund of their original contribution under section 503(a).

At trial, the petitioner stated that at no time did she intend to make a gift of her nonmarital assets to the respondent. The petitioner had worked

several years to accumulate sufficient assets to supplement her pension upon retirement. She testified that her retirement fund with Elmhurst College was small and that it had been her intent to acquire land which could be sold in portions to maintain herself upon retirement. The evidence conclusively establishes that that portion of the petitioner's contribution which was acquired before the marriage was never intended to become a gift to the respondent.

That portion of the parties' property which is attributable to their salaries during the marriage and the individual labors which they contributed is undeniably marital property not within any of the exceptions identified in the statute.

Since the trial judge awarded special equities to the petitioner, we conclude that he too found that the petitioner had established by clear and convincing evidence that she did not intend to effectuate a gift of her nonmarital assets to the respondent.

The petitioner has also argued to this court that she is entitled to additional support from the respondent to enable her to complete the requirements for a Ph. D. in sociology because of an oral promise made by the respondent prior to the marriage and reaffirmed during the marriage.

In *In re Marriage of Marsh* (1978), 64 Ill. App. 3d 572, 381 N.E.2d 804, this court upheld a trial court's order requiring the husband to pay $500 per month for two years so that the wife could pursue her educational goals. Section 504 of the Marriage and Dissolution of Marriage Act provides for awards of maintenance when a party is otherwise without sufficient income for the time necessary to acquire sufficient education or training to enable the parties seeking maintenance to find appropriate employment. Ill. Rev. Stat. 1977, ch. 40, par. 504.

Unlike *Marsh*, the petitioner in this case has a satisfactory income from her present job and, in addition, has a substantial property settlement. The trial court's denial of maintenance in this case is not contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Coles County is affirmed in part, reversed in part, and remanded with directions to order distribution in accordance with this opinion.

Affirmed in part, reversed in part, remanded with directions.

REARDON, P. J., and MILLS, J., concur.