ROBERT BOYD WEST, Plaintiff-Appellee, *v.* EVELYN LUCILLE WEST, Defendant-Appellant.

Fourth District   No. 14836

Opinion filed November 27, 1979.

Tenney & Tietz, of Decatur (Harold F. Tenney, of counsel), for appellant.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur (Vernon H. Houchen, of counsel), for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

Defendant, Evelyn Lucille West, appeals certain provisions of a divorce decree that was entered on November 2, 1977. The decree granted the following relief:

(1) the parties' marriage was dissolved;

(2) custody of the minor child was granted to defendant, with the right of reasonable visitation for plaintiff;

(3) plaintiff was ordered to pay $50 weekly support of the child, plus all reasonable medical and dental expenses for the child;

(4) defendant was awarded $900 monthly alimony;

(5) the marital home and its furnishings were ordered sold with the proceeds to be divided equally between the parties after satisfaction of the mortgage thereon;

(6) plaintiff was declared the sole owner of the property upon which Tryco Manufacturing Company is located;

(7) plaintiff was ordered to pay defendant's $6,000 attorney's fees, plus court costs; and

(8) defendant's counterclaim for separate maintenance was dismissed and plaintiff was barred from collecting alimony from defendant.

Defendant raised three issues on appeal: (1) The Illinois Marriage and Dissolution of Marriage Act which took effect on October 1, 1977, governs the case; (2) the evidence presented at trial fails to establish mental cruelty as a ground for divorce; and (3) the court abused its discretion in its order relating to child support, alimony, and the parties' property. This court, in reversing and remanding with directions, determined that the new act was applicable and that the judgment of divorce was deficient since it did not recite that the court found one of the grounds for a dissolution without cause or provocation by plaintiff. The court did not address the third issue. *West v. West* (1978), 62 Ill. App. 3d 963, 379 N.E.2d 930.

The supreme court reversed the judgment of the appellate court, holding that the new act was not applicable and that the finding of a lack of provocation was implicit since the trial court entered judgment in favor of plaintiff. The case has been remanded for a determination of whether the trial court's judgment of divorce and its rulings on property, alimony, and child support were proper under the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, pars. 1 through 21.4). *West v. West* (1979), 76 Ill. 2d 226, 390 N.E.2d 880.

The parties were married on October 17, 1944, and resided together until October 16, 1974, when plaintiff left the marital home. Six children were born to the parties; a son, who was born on September 4, 1963, is the only child still living at home. Plaintiff filed for a divorce in February 1976, claiming, as grounds, defendant's constructive desertion and extreme and repeated mental cruelty.

In the judgment for divorce the trial court found that defendant had been guilty of extreme and repeated mental cruelty towards plaintiff. ■■ Mental cruelty, as a ground for divorce, is commonly defined as a course of abusive and humiliating treatment that is of such nature as to trouble or render miserable the life of the other spouse or which causes the other spouse's life or personal health to be endangered. (*Marks v. Marks* (1972), 8 Ill. App. 3d 212, 289 N.E.2d 671; *Hayes v. Hayes* (1972), 7 Ill. App. 3d 590, 286 N.E.2d 578 (abstract); *Stanard v. Stanard* (1969), 108 Ill. App. 2d 240, 247 N.E.2d 438.) Whether certain acts constitute mental cruelty depends upon the total circumstances set forth in a given case and is determined primarily by the effect of the alleged misconduct on the

complaining party and the marriage. (*Rey v. Rey* (1974), 23 Ill. App. 3d 274, 319 N.E.2d 105.) It has been held that a spouse who was seeking a divorce on grounds of mental cruelty must show that the conduct of the offending spouse has been unprovoked. *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73.

It was established at trial that the parties argued regularly during the last several years that they cohabitated. On three occasions these arguments erupted into physical altercations. Plaintiff testified that he did not think that he started the arguments and that he tried to avoid them. He also claimed that it was difficult to tell what would make defendant unhappy and precipitate an argument. Although plaintiff testified that he had never consulted a doctor as a result of defendant's conduct, he did testify that he was upset continually. Because of this, he left the home early and returned late. Shortly after the parties separated, defendant told plaintiff that she would change and treat him better if he would return.

■■ Applying the aforementioned standards to the record, we cannot conclude that the trial court's finding that defendant was guilty of extreme and repeated mental cruelty is against the manifest weight of the evidence.

Plaintiff and his mother were the owners of commercial real estate upon which Tryco Manufacturing Company was located; this property is subject to a mortgage. A fractional interest in the Tryco property had been placed in a trust by the parties in 1962. On termination of the trust in 1973, the trustee made a deed of reconveyance which named both plaintiff and defendant as grantees. Following an accident that occurred to plaintiff in 1965, he consulted a lawyer about his estate and the reduction of estate taxes; as a result, he signed a deed conveying to his wife his one-half interest in the business real estate. The deed recites that it includes the husband's reversion under an unrecorded trust agreement, and is made subject to a mortgage and a lease. The deed was acknowledged and recorded, but its existence was not known by defendant until it came to light during this litigation. After deeding the property, plaintiff continued to receive the rent, make the mortgage payments, and exercise complete control of the property.

The trial court found that the deed which conveyed plaintiff's interest in the Tryco property to his wife as part of an estate plan, all parts of which were regarded by plaintiff as testamentary and ambulatory until his death. Under section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18), the trial court has the authority to compel a conveyance if one party holds title to property that equitably belongs to the other.

■■ It is a well-established principle that property voluntarily conveyed by a husband to his wife, without fraud or coercion, is presumed to be a gift even though the husband may have purchased the property with his

own money. In that case, the wife may hold the property against him. (*Baker v. Baker* (1952), 412 Ill. 511, 107 N.E.2d 711; *Kratzer v. Kratzer* (1971), 130 Ill. App. 2d 762, 266 N.E.2d 419.) This presumption can be overcome by clear, convincing, and unmistakable evidence that no gift was intended. (*Hanley v. Hanley* (1958), 14 Ill. 2d 566, 152 N.E.2d 879; *Lutticke v. Lutticke* (1950), 406 Ill. 181, 92 N.E.2d 754.) However, the transferor's declaration that a gift was not intended is not conclusive of his intent at the time that the conveyance was made. *Kratzer.*

Defendant argues that the trial court's finding of an ambulatory intention which overrides the presumption of gift is against the manifest weight of the evidence.

Plaintiff contends that the evidence which was adduced at trial supports plaintiff's position that he did not intend the property to be a gift to his wife; rather, the conveyance was testamentary in nature, being part of an estate plan. Plaintiff further argues that his continued control and management of the property indicates that he did not intend a gift.

Despite plaintiff's denial of donative intent and his continued control of the property, he has failed to rebut the presumption that the conveyance to his wife was a gift. Plaintiff's intent at the time that he deeded the property to defendant is the controlling factor. The circumstances at the time of the conveyance and plaintiff's own testimony establish that he intended a present, irrevocable transfer of the property to defendant.

It was established at trial that plaintiff, in 1965, had signed a deed conveying his interest in the real estate to defendant as part of an estate plan. Plaintiff was assisted by an attorney in establishing this plan. After executing the deed, plaintiff acknowledged it and had it recorded. Plaintiff testified that although he did not think of defendant as owning the property as a result of the conveyance, "legally I guess she did." He knew that defendant was the record owner at the time that certain mortgage arrangements were made in 1968. Plaintiff understood the rudiments and effects of deeding property to another; he knew that the deed would remove the property from his estate.

Plaintiff's position that donative intent has been rebutted because the conveyance was part of his estate plan is not convincing in light of the Federal tax laws governing such conveyances. In order to effectively remove property from the donee's gross estate, the transfer must have been made more than three years from the date of transferor's death and it must have been presently effective and irrevocable. (Int. Rev. Code §§2035-2038 (1976).) Since the attorney who prepared the deed did not testify, the depth of explanation, if any, given to plaintiff regarding the requirements of the Federal law and the effect of the transfer is difficult to

discern. However, plaintiff did testify that he had a conversation with the attorney to discuss what could be done to lessen the tax burden on an estate. Moreover, it is unlikely that an experienced businessman would not require an explanation of what he was signing and why it was necessary.

The trial court found that the conveyance was testamentary in nature. In that case, the deed would be inoperative for lack of testamentary formalities as prescribed by section 4—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 4—3). (See *Hopkins v. Hughes* (1930), 340 Ill. 604, 173 N.E. 100.) Nevertheless, the evidence here belies a testamentary intent. Plaintiff acknowledged that as a result of the 1965 conveyance his wife became the title owner of the Tryco property. It was established that the very purpose of the deed that was executed by plaintiff was to remove property from his estate so that it would not be in the estate at the time of his death. The fact that plaintiff executed a will at the same time that he signed the deed does not color all transactions as testamentary.

We also conclude that the requirements of delivery and acceptance of the deed have been satisfied, an issue that was raised by this court during oral argument.

The intention of the grantor that the deed immediately shall vest an estate in the grantee is the controlling factor in determining whether there has been a delivery. (*Maciaszek v. Maciaszek* (1961), 21 Ill. 2d 542, 173 N.E.2d 476.) Prima facie evidence of such intention is shown by the execution and recording of the deed by the grantor. *Boryca v. Parry* (1962), 24 Ill. 2d 320, 181 N.E.2d 124.

Plaintiff testified that he knew that the conveyance presently would remove the Tryco property from his estate. Indeed, the acknowledged purpose of the deed was to convey the property to defendant so that it would no longer be in plaintiff's name. After executing the deed, plaintiff recorded it. These facts satisfactorily establish that plaintiff intended the deed to be legally operative in 1965.

Although defendant was unaware of the 1965 deed conveying the Tryco property to her until 1976, acceptance of this beneficial gift will be presumed. (*Maciaszek.*) Once defendant became aware of the deed during this litigation, her claim of ownership which was made in the pleadings, in the affidavit of her financial status, and at trial evinces an actual acceptance of the deed.

The trial court found that the marital residence contained $40,000 worth of furnishings; the court ordered the sale of the household furnishings and fixtures and an equal distribution of the proceeds between the parties.

We note that the furnishings were accumulated throughout the 33-year marriage, and, as such, the parties reasonably could be deemed joint owners of the personalty and fixtures. There was no evidence offered by either party that certain pieces solely belonged to one or the other.

Defendant argues that there was no evidence in the record concerning the value of the household furnishings; that there is no right to partition of personal property; and that the court's order to sell beds, dressers, the refrigerator, and other necessaries imposes an obvious and unnecessary hardship on defendant and the minor child since the replacement cost is much greater than the market value of used furniture.

If defendant wanted to retain possession of these necessaries, she should have pleaded and proved that she had special equities in that property. (*Comstock v. Comstock* (1977), 55 Ill. App. 3d 140, 370 N.E.2d 645; *Schouten v. Schouten* (1970), 129 Ill. App. 2d 418, 263 N.E.2d 715.) In the pleadings she alleged that she needed possession of the home's contents for support of herself and the remaining child. Apparently she meant the entire contents. At trial, defendant did not explain why she and the child required the household goods for support; nor did she itemize the property that she thought she was entitled to retain.

■■ Because the parties were not able to divide the household goods between themselves and because defendant did not establish a special equity in all or part of the contents, the trial court did not abuse its discretion by ordering the sale and equal distribution of the proceeds. Consequently, the value placed on the goods by the trial court is irrelevant because of the equal distribution order.

With regard to the propriety of the alimony and child support awards, we believe that the awards are within the scope of the evidence; therefore, the trial court did not abuse its discretion. In addition, defendant conceded at trial and again during oral argument that her alimony should be reduced by whatever income would be realized from the Tryco property, in the event that the property was awarded to her.

The judgment of the trial court ordering defendant to reconvey the Tryco property to plaintiff is reversed; all remaining portions of the decree are affirmed.

Reversed in part; affirmed in part.

TRAPP and GREEN, JJ., concur.