*In re* MARRIAGE OF HARRY F. LEE, Respondent-Appellant, and
JEANETTA E. LEE, Petitioner-Appellee.

Third District    No. 79-857

Opinion filed September 30, 1980.

STENGEL, J., specially concurring.

John F. Boos, of Peoria, for appellant.

James B. Lewis, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County regarding the division of property pursuant to the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). On November 1, 1978, a judgment of dissolution was entered granting a dissolution to appellant Harry Lee and appellee Jeanetta Lee. The issue of distribution of property was reserved. Appellee filed a petition for property settlement contending that the principal marital assets consisted of the proceeds f₋om the sale of a residence at 2626 N. Isabelle

in Peoria and that she is entitled to one-half of those proceeds. Appellant denied that the proceeds from the sale were marital assets.

At the hearing on the distribution of property, the evidence showed that the residence had been owned by appellant prior to his marriage. After marriage to appellee, appellant expended a total of $20,000 on improvements on the property. $8,000 had been borrowed and the balance of $12,000 was the remaining cost of the improvements, which came from marital funds. Appellant sold the house for $32,500 to his adopted daughter. He arrived at that price by adding the total purchase price, the borrowed money, and what had been spent in remodeling and materials. It is undisputed that appellee had no ownership interest in the house as such. On September 10, 1979, the court entered a judgment order which gave appellee judgment against the appellant for $6,000 as her aliquot share of the net proceeds from the sale of the residence. In its memorandum of decision the court held that $20,000 was the value of the improvements. Of this, $8,000 was borrowed. The court held that the improvements were marital property and that appellee was entitled to one-half of the remaining $12,000. The only issue presented in this appeal is whether the improvements to the non-marital home which were paid for with marital funds are to be considered non-marital property.

Section 503(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(a)) provides:

> "For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':
> * * *
> (5) the increase in value of property acquired before the marriage."

Appellant contends that this language means that any increase, regardless of the source of the increase, must be considered as nonmarital property. We reject this construction of the statute. The trouble with appellant's argument is that it fails to take into account the rest of the statute and its purpose. Section 503(a) must be read in conjunction with sections 503(b) and (c). These sections classify property interests as marital and nonmarital for the purpose of equitably distributing the property upon termination of the marriage. *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382.

In the instant case, the principal asset involved is the residence at 2626 N. Isabelle. The property was bought by appellant before the marriage. Had there been no contributions subsequent to the marriage, the property clearly would have remained nonmarital property and the appellee would not be entitled to any of the proceeds. However, in the case at hand, there were significant contributions to the property made after the marriage.

The appellant sold the house for $32,500, which included the $12,500 original purchase price plus the $8,000 borrowed jointly by appellant and appellee, and $12,000 which was the remaining cost of the improvements. This $12,000 which was expended was all marital funds. In other words, substantial marital property was diverted to the enhancement of the residence. To interpret the statute to mean that the improvements are non-marital property and deny appellee any share in them despite her contribution would be grossly inequitable and flout the purpose for which the statute had been enacted. Rather, we believe that in light of sections 503(b) and (c) there has been a commingling of marital property and nonmarital property which serves to transmute the entire property into marital property.

The effect on nonmarital property of commingling it with marital property has not yet been addressed by the Illinois Supreme Court. The appellate districts have split in their analyses of the commingling of non-marital property with marital property. The Fourth and Fifth Districts have held that when there has been commingling and a subsequent increase in value, each party is entitled to a refund of its investment of nonmarital funds and the balance of the property is considered marital property. See *In re Marriage of Dietz* (1979), 76 Ill. App. 3d 1029, 395 N.E.2d 762; *In re Marriage of Key* (1979), 71 Ill. App. 3d 722, 389 N.E.2d 963.

The First and Second Districts have held that when nonmarital property has been commingled with marital property, it loses its character as nonmarital property and becomes marital property. See *In re Marriage of Amato* (1980), 80 Ill. App. 3d 395, 399 N.E.2d 1018; *Klingberg v. Klingberg* (1979), 68 Ill. App. 3d 513, 386 N.E.2d 517.

■■ Although this precise issue has not been previously decided by this court, we find the rationale of the transmutation theory persuasive. In *Klingberg*, the court held that where nonmarital property is commingled with marital property, this evinces an intent to treat it as marital property. This presumption is particularly apt in the present case. There was clearly commingling of nonmarital property (the residence) and marital property ($12,000 in improvements). The circumstances clearly show an intent to treat the house as marital property. The family lived in the residence and substantial amounts of marital funds were invested in it to improve it. Appellant has presented no evidence to rebut this presumption.

Treating the residence as marital property will not be inequitable to the appellant, who made a substantial investment of nonmarital property in the residence. Under section 503(c), in dividing marital property the court must take into account the "contribution * * * of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and non-marital property * * *." (Ill. Rev. Stat. 1979, ch. 40, par.

503(c)(1).) In the instant case, to guarantee an equitable distribution the court need simply take into account appellant's contribution.

Appellant places heavy reliance on *In re Marriage of Glidden* (1979), 71 Ill. App. 3d 376, 389 N.E.2d 657. In Glidden the wife owned her own home before marrying. After marriage the property became the marital residence, and the husband made $7,200 worth of improvements on the house. The trial court held that the property was nonmarital and awarded it entirely to the wife. On appeal, the Second District Appellate Court affirmed, holding that the property was nonmarital and that the trial court had properly adjusted the marital property to compensate the husband for his contribution to the nonmarital property.

We decline to follow *Glidden*, believing that its interpretation of the statute would often lead to an unequitable distribution of property. In many cases, such as the one at bar, the primary asset of the marriage is the marital residence. To hold that where one spouse owned the residence prior to marriage, the residence is nonmarital property of which the other spouse is entitled to nothing despite significant contributions is to guarantee an unequitable distribution of property in contravention of the purpose of the statute. Further, such a reading of the statute would have the anomalous effect of transforming marital property into nonmarital property in that marital funds would be used to increase the equity in nonmarital property. We do not believe the legislature intended to create such a loophole from which manifestly inequitable results could frequently occur.

■■ Instead, we hold that where there has been a contribution of marital property to nonmarital property, the entire property is transmuted to marital property. This will guarantee that the contribution of each spouse will be considered in dividing the property and insure an equitable distribution. In the instant case, we believe that the trial court's distribution was adequate to satisfy the standards promulgated in this opinion. Although the trial court erroneously termed the original value of the residence nonmarital property, it had the same practical effect of recognizing the appellant's original contribution to the value of the property. In determining how to divide the improvements, the trial court gave each spouse one-half. In the absence of any evidence showing that one spouse contributed more than the other, we believe the trial court's distribution was proper.

For the abovementioned reasons the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STENGEL, specially concurring:

I agree that the trial court's distribution of property was correct and should be affirmed, but I would not say that the residence was "transmuted" into marital property. The Marriage and Dissolution of Marriage Act certainly makes no provision for a transmutation theory, and I would not adopt a legal fiction so long as equity and justice can be achieved by other means. (See *In re Marriage of Preston* (1980), 81 Ill. App. 3d 672, 402 N.E.2d 332.) The same result can be reached by apportioning the marital property so as to allow credit for the contribution of each party to the improvement of the nonmarital property. Section 503(c) of the Act expressly authorizes such an allowance. (See also Justice Alloy's specially concurring opinion in *In re Marriage of Crouch* (1980), 88 Ill. App. 3d 426, 410 N.E.2d 580.) This view is consistent with *In re Marriage of Key* (1979), 71 Ill. App. 3d 722, 389 N.E.2d 963, where the court stated:

> "We conclude that where, as here, identifiable, nonmarital assets, whether in the form of cash or tangible property, have been exchanged by jointly held property, the parties, upon dissolution of marriage are entitled to a refund of their original contribution * * *." (71 Ill. App. 3d 722, 723, 389 N.E.2d 963, 964.)

In other words, here the wife was entitled to a refund of her contribution to the improvement of the residence even though the house itself remained the nonmarital property of the husband.

For the reasons stated, therefore, I concur in the determination of the majority in this cause.