*In re* MARRIAGE OF KATHLEEN SUE WINGADER, Petitioner-Appellee, and GEORGE EARL WINGADER, Respondent-Appellant.

First District (4th Division)    No. 80-1084

Opinion filed April 2, 1981.

Jerome Marvin Kaplan, of Chicago, for appellant.

Duane E. Crowley, Jr., of Chicago (Errol Zavett, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Judgment was entered on March 13, 1980, in the circuit court of Cook County dissolving the marriage of the petitioner, Kathleen Sue Wingader, and the respondent, George Earl Wingader. The respondent appeals from that portion of the judgment which awarded the petitioner a one-half interest in a residence in Naperville, Illinois. He contends that although title to the residence was held by the parties as joint tenants, it is his nonmarital property and therefore should have been awarded entirely to him. He raises no issue concerning the trial court's distribution of the parties' marital property.

In February of 1973, prior to the parties' July 19, 1973, marriage, the respondent purchased a home in Flossmoor, Illinois, for $38,000. He made a down payment of $10,000 from the proceeds of the sale of another residence owned by him.

The parties separated in July 1978. The petitioner moved to Ohio. In January 1979, the respondent contracted to sell the Flossmoor home. The

parties reconciled in April 1979 and the petitioner returned to Illinois. In May 1979 the parties purchased a home in Naperville, Illinois, for $109,000. A $52,000 down payment was made from the proceeds of the sale of the Flossmoor residence. The parties took title to the Naperville home as joint tenants.

In August of 1979, the parties again separated. The dissolution of their marriage followed.

The respondent testified that he did not intend to make a gift to the petitioner when he placed the Naperville residence in joint tenancy. Rather, he placed the property in joint tenancy in reliance upon the petitioner's promises that if he did so she would quit her job, terminate all divorce proceedings, return with the children from Ohio and live with him forever as his wife. The petitioner testified that she made no promises to the respondent in return for the purchase of the Naperville home.

■■ Where property is taken in joint tenancy by a husband and wife, that property is marital property even where the purchase money is supplied by one spouse, unless the presumption that a gift was intended is overcome. (*In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 402 N.E.2d 831, *appeal denied* (1980), 81 Ill. 2d 589; contra, *In re Marriage of Preston* (1980), 81 Ill. App. 3d 672, 402 N.E.2d 332; *In re Marriage of Key* (1979), 71 Ill. App. 3d 722, 389 N.E.2d 963; accord, *In re Marriage of Smith* (1980), 90 Ill. App. 3d 168, 412 N.E.2d 985, *appeal allowed* (1981), 82 Ill. 2d 588; *In re Marriage of Lee* (1980), 88 Ill. App. 3d 1044, 410 N.E.2d 1183, *appeal allowed* (1981), 82 Ill. 2d 585; *In re Marriage of Rogers* (1980), 86 Ill. App. 3d 904, 408 N.E.2d 448; for discussion of the differing views concerning this issue see Bruni, *Marital Property: Conflicting Appellate Views*, Chi. Daily L. Bull., July 1, 1980, at 3 (Institute Report); Fleck & Schiller, *Developments in Marital Property Law*, 68 Ill. B.J. 698 (1980).) The presumption that a gift was intended can only be overcome by clear, convincing and unmistakable evidence. *In re Marriage of Smith* (1980), 90 Ill. App. 3d 168, 412 N.E.2d 985; *West v. West* (1979), 77 Ill. App. 3d 828, 396 N.E.2d 1382.

■■ We need not consider whether the presumption that a gift was intended is rebutted by a spouse's reliance upon such promises as those allegedly made by the petitioner here. The petitioner testified that she made no promises in exchange for the purchase of the Naperville residence. The credibility of witnesses and the weight to be given their testimony is a question of fact to be reserved by the trial court or jury. (*McDonald v. Industrial Com.* (1968), 39 Ill. 2d 396, 235 N.E.2d 824; *Servbest Foods, Inc. v. Emessee Industries, Inc.* (1980), 82 Ill. App. 3d 662, 403 N.E.2d 1.) We believe it was within the province of the trial court to accept the petitioner's version of the events and conclude that no promises were made to the respondent in exchange for the parties'

decision to purchase the home in joint tenancy. Therefore, we conclude that the presumption that a gift was intended was not overcome by clear, convincing and unmistakable evidence.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.